**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEIRU CHEN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-73280<br><br>Agency No. A099-042-185<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

Weiru Chen, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ")  decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo questions of law and due process claims. *Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008). We deny the petition.

Substantial evidence supports the IJ's adverse credibility determination based on the inconsistency between Chen's testimony and the testimony of her witness, Pastor Lin, about whether they met in China or the United States and how long they have known each other, and the IJ could reasonably reject Chen's explanation. *See Shrestha*, 590 F.3d at 1040-44 (adverse credibility determination was reasonable under the Real ID Act's "totality of the circumstances"). In the absence of credible testimony, Chen failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Chen's CAT claim is based on the same testimony found to be not credible, and she points to no other evidence the IJ should have considered, substantial evidence also supports the denial of CAT relief. *See id*. at 1156-57.

07-73280

Finally, Chen's contention that the IJ was not an impartial adjudicator is unsupported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to establish a due process violation). Chen's due process contention regarding an incompetent translator is also unsupported by the record. *See id.*

**PETITION FOR REVIEW DENIED.**